Filed 2/23/21  P. v. Estrada CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GAUDENCIO ESTRADA,<br><br>    Defendant and Appellant. | G059453<br><br>(Super. Ct. No. C64466)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, James Edward Rogan, Judge.  Affirmed.

Jason L. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

\*        \*        \*

In 1987, defendant Gaudencio Estrada was convicted of one count of second degree murder (Pen. Code, § 187)[1] and an allegation that he personally used a firearm (§ 12022.5) was found to be true. He was sentenced to an indeterminate term of 15 years to life for the murder, and no additional prison time was imposed for the firearm enhancement.

In the direct appeal from defendant's conviction, counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436. As relevant here, the brief noted: "It was not seriously disputed in this case that appellant committed a felonious homicide. The only disputed question was whether it was a second degree murder or a voluntary manslaughter." Further, the defendant admitting shooting the victim with his own firearm.

In April 2019, defendant filed a petition for resentencing under section 1170.95. The trial court found he was not entitled to relief because he was the actual killer, and therefore it denied the petition. The court noted that section 1170.95 does not grant relief to the person who was the actual killer: "Here, according to the record, the petitioner admitted to killing the victim but claimed he acted in self defense. The trier of fact rejected that defense. The petitioner was the victim's actual killer." Accordingly, the court concluded that relief was not permitted as a matter of law and denied the petition.

Defendant filed a notice of appeal, and appointed counsel filed a brief summarizing the case with citations to the record, but counsel raised no arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was notified he could file a supplemental brief on his own behalf, but he did not do so.

Because this is not defendant's first appeal as a matter of right, we are not required to independently review the record, but we may conduct such a review in the

---

[1] Subsequent statutory references are to the Penal Code.

interests of justice.  (*People v. Flores* (2020) 54 Cal.App.5th 266, 268.)  Here, we have conducted an independent review of the record and we have found no arguable issues that require briefing or argument.  The trial court's conclusions were correct as a matter of law.  Thus, the order denying defendant's petition for resentencing under section 1170.95 is affirmed.


                        MOORE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


THOMPSON, J.